## CIRCUIT COURT OF BALTIMORE CITY.

Reported Daily Record, May 1, 1895.

### CHARLES ZEIS
### VS.
### SARAH B. MORGAN.

*George R. Willis* and *Ferdinand C. Dugan* for plaintiff.

*John H. Morgan* and *J. W. Hazell* for defendants.

DOBLER, J.—

The purpose of notice of intention to claim a lien is to enable the owner of property to protect himself by retaining out of the cost of the building, as between himself and the contractor, the amount which he may ascertain to be due to the party giving such notice. When the amount is specified and alleged to be due for work done and materials furnished, at the instance of a named contractor, and used and expended in and about the erection and construction of the building I cannot say that the owner is prejudiced in any manner because it does not appear that the debt unpaid (and money to be retained) is for bricks rather than lumber, for hardware rather than for lime. The contractor may be embarrassed thereby and may be vexed at the delay allowed by law for filing the bill of particulars of a claim which may be shown to be incorrect or improper when filed, but the owner of the property cannot be allowed to object to the warning and opportunity allowed him to retain a definite sum from the contractor for work and materials that will be shown in due time and with due particularity to have been wrought into his building.

The elevator furnished and put up by the plaintiff was necessary for the finish and completion of the planing mill and sash factory for which the building in this case was constructed. The plaintiff is therefore entitled to a lien against the property mentioned in these proceedings for the amount due him for the materials used and the work and labor expended by him in making and putting up such elevator in the building. The prices charged are shown to be reasonable. I therefore find that the plaintiff is entitled to a mechanics' lien for $433.74, with interest from February 7, 1893, against said property, and will sign a decree accordingly.